IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOJOURN CARE, INC. d/b/a<br>SOJOURN CARE OF TULSA, a<br>Delaware Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary of<br>United States Department of<br>Health and Human Services,<br><br>  Defendant. | Case No. 07-CV-375-GKF-PJC |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, Sojourn Care, Inc. d/b/a Sojourn Care of Tulsa ("Sojourn Care"), and for its Response in Opposition to Defendant Michael O. Leavitt, Secretary of United States Department of Health and Human Services ("HHS") respectfully submits that HHS's Motion for Summary Judgment is not well founded and should be denied. In support of its Response, Sojourn Care advances the arguments set forth below.

**I.  INTRODUCTION**

HHS's Motion for Summary Judgment is scarcely more than a reprisal of its arguments submitted in Opposition to Sojourn Care's Motion for Summary Judgment, filed herein on October 25, 2007. HHS presents no evidence to negate any element of Sojourn Care's cause of action for declaratory relief.

Sojourn Care has established injury and standing. Sojourn Care has also established that part two (if statutory ambiguity, then reasonableness of the regulation) of the test set forth in *Chevron, U.S.A., Inc. v. NRDC, Inc, et al*, 467 U.S. 837, 842-843, 104 S.Ct. 2778, 2781-2782

(1984), is not applicable here given the plain conflict with the statute. And, HHS has failed to demonstrate either that the statute is ambiguous or that its interpretation is reasonable.

For these reasons, HHS is not entitled to summary judgment and its motion should be denied.

## II.   ARGUMENT AND AUTHORITY.

A defendant seeking summary judgment must demonstrate that no genuine issue of material fact remains because "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only if the defendant is able to make that showing, then the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Here, HHS sets forth no specific facts to demonstrate that there is an absence of evidence to support Sojourn Care's case. Instead, HHS appears to be moving for summary judgment on two grounds: (a) Sojourn Care's alleged lack of standing to assert a claim for declaratory relief; and (b) that the Regulations at issue regarding the calculation and imposition of a cap on Medicare reimbursement for hospice services are a reasonable interpretation of the applicable Congressional mandate. Neither ground is well taken.

### A.   SOJOURN CARE HAS DEMONSTRATED BOTH ITS STANDING TO BRING THIS SUIT AND INJURY IN FACT.

Standing exists " '[w]hen the suit is one challenging the legality of government action or inaction . . . [and] the plaintiff is himself an object of the action (or forgone action) at issue . . ., there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.' " *State of Texas v. U.S.*, 497 F.3d 491, 498 (5th Cir., 2007), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-562 (1992).

Sojourn Care plainly has standing because the Complaint challenges the legality of HHS's action in applying an invalid regulation against Sojourn Care. Application of the invalid regulation has resulted in HHS' demand that Sojourn Care repay $2.1 million for services its expended in Fiscal Year 2005 caring for hospice patients.

Beyond the presumption of injury in this case, Sojourn Care has offered additional facts specifically demonstrating its injury. Sojourn Care has shown that HHS—in promulgating its regulations—assumed an average length of stay of 70 days. This assumption, and the consequent shift of "cap room" for patients admitted within 35 days of the end of the fiscal year to the next fiscal year, is based on a flawed, and insufficient, number of days. This assumption results in a mismatch of cap allocation and revenue for any hospice that has a longer or shorter average length of stay.[1] (Sojourn Care MSJ, pp. 14-15; and Reply, pp. 7-8.)

Sojourn Care has further demonstrated the injury it has suffered by showing that it had a cap surplus in FY 2003 and 2004 of approximately $2.1 million (monies it did not and cannot collect from Medicare), and a cap deficit in FY 2005 of approximately $2.1 million (monies Medicare is now recouping despite the fact that Sojourn actually provided the billed-for services). (Sojourn Care MSJ, pp. 8-9; and Reply, pp. 8.)

For these reasons, as briefed more fully in Sojourn Care's Motion for Summary Judgment ("Motion") and Reply to HHS's Memorandum in Opposition ("Reply"), Sojourn Care has standing (i.e., it has demonstrated injury) and HHS's motion should be denied.

---

[1] It also arguably injures any hospice whose patient population grows or shrinks over time, as well as any hospice whose admissions during the year are not perfectly constant.

> B. **HHS HAS NOT DEMONSTRATED THAT ITS REGULATIONS CONSTITUTE A PERMISSIBLE CONSTRUCTION OF THE CONGRESSIONAL MANDATE.**

Under *Chevron* and its progeny, a regulation's validity is subject to a two part test: (a) part one—whether the regulation is contrary to the express mandate of Congress; and, **if not**, (b) part two—whether the regulation constitutes a permissible construction of an ambiguous statute. *Chevron*, supra. (Emphasis added.)

An analysis of the second prong of the *Chevron* test is proper **only** if it is determined that the regulation is not contrary to an express mandate of Congress, under the first prong of the *Chevron* test. Here, as established in Sojourn Care's Motion and Reply, HHS admits that the regulation is contrary to the express mandate of Congress. Thus, inquiry under the second prong of the *Chevron* test is improper and unnecessary. Because the regulation is facially contradictory to the expressed mandate of Congress, the Regulation is invalid and HHS's Motion for Summary Judgment should be denied.

However, even if analysis was required under the second prong of *Chevron*, HHS's argument is still without merit. Under *Celotex*, HHS bears the burden on summary judgment to show that there is no evidence to support Sojourn Care's case. *Celotex*, 477 U.S. at 325. But, HHS fails to carry even this initial burden as its motion fails to demonstrate that: (a) the statute at issue is ambiguous; and (b) that its regulations constitute a reasonable interpretation of the statute is reasonable. The record in this case demonstrates there is no ambiguity in the statute and HHS's regulations are not a reasonable construction of the Congressional mandate.

Again, the statute is not ambiguous. Congress plainly requires HHS to make a proportional allocation of cap room for each patient who received care in two or more accounting years:

> such number reduced to reflect the proportion of hospice care that each such individual was provided in a previous or subsequent accounting year or under a plan of care established by another hospice program.

42 U.S.C. § 1395f(i)(2)(C).

It is equally clear that HHS, in promulgating the regulation at issue, fully understood the Congressional mandate and chose to ignore it. In promulgating the regulation, HHS quoted the statute but then proposed the "alternative" of counting beneficiaries:

> only in the reporting year in which the preponderance of the hospice care would be expected to be furnished <u>rather than attempt to perform a proportional adjustment</u>.

48 Fed. Reg. 38,158 (Aug. 22, 1983) (emphasis added).

And, HHS again admits in its Motion for Summary Judgment that it fails to abide Congress' specified calculation method:

> In other words, <u>rather than making a proportional adjustment</u> on a patient-by-patient basis (counting a given individual as less than 1.0 Medicare beneficiary in each of two (or more) accounting years), HHS proposed to account for hospice care that overlapped accounting periods by counting a given individual as a full 1.0 Medicare beneficiary in one year . . .

HHS's MSJ, pp. 6-7. (Emphasis added).

Both of the foregoing admissions demonstrate both that the statute is clear and unambiguous, and that HHS consciously chose to do something other than what Congress required.

It is worth again noting that HHS read, understood, and properly applied the Congressional mandate when it allocated cap room proportionally between two different hospices:

> When a beneficiary elects to receive hospice benefits from two different hospices, we are proposing a proportional application of the cap amount.

48 Fed.Reg. 38,158 (Aug. 22, 1983).

Instead of applying the Congressionally mandated proportional allocation for each beneficiary, HHS claims, both in promulgating the regulations and on these motions, that it would be too "difficult" to do what Congress required:

> Although section 1814(i)(2)(C) of the Act specifies that the cap amount is to be adjusted 'to reflect the proportion of the hospice care that each such individual was provided in a previous or subsequent accounting year . . .' <u>such an adjustment would be difficult</u> in that the proportion of the hospice stay occurring in any given year would not be known until the patient dies or exhausted his or her hospice benefits.

48 Fed. Reg. 38,158 (Aug. 22, 1983).  (Emphasis added.)

But, in establishing a regulation, an agency is not free to ignore the statute's direction:

> Our review of the statute, its purpose, and its logical construction lead us to conclude that to the extent EPA argues that it may totally ignore technology as part of its annual review, EPA's position is unreasonable.  To adopt EPA's position would require us to 'ignore factors Congress required to be taken into account.' (Citations omitted.)

*Our Children's Earth v. EPA*, 05-16214, page 14232 (9th Cir. 10/29/2007) (finding that the EPA's regulation regarding the review of effluent limitations must abide the methodology contemplated by governing statute).

As briefed more fully in Sojourn Care's motion and reply thereto, HHS' motion for summary judgment as to ambiguity/reasonableness should be denied.  The facts in the instant case demonstrate that the statute is not ambiguous; instead, HHS understood exactly what Congress meant and simply chose, out of alleged convenience, to implement a different calculation method – one that is demonstrably prejudicial to Sojourn Care and other hospices.

### III.     CONCLUSION

For these reasons, Sojourn Care respectfully submits that HHS's motion for summary judgment should be denied.

                                                  Respectfully submitted,

                                                  s/Linda G. Scoggins
                                                  Linda G. Scoggins, OBA #8013
                                                  **Scoggins & Cross, PLLC**
                                                  204 N. Robinson, Suite 3100
                                                  Oklahoma City, OK 73102
                                                  (405) 239-4300  Telephone
                                                  (405) 239-4305  Facsimile
                                                  lscoggins@okhealthlawyer.com
                                                  ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2007, a true and correct copy of the foregoing was electronically transmitted to the following counsel of record:

Peter D. Keisler
Assistant Attorney General

David E. O'Meillia
United State Attorney

Sheila Lieber
Daniel Bensing (D.C. Bar No. 334268)

U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Attorneys for the United States of America

                                                  s/ Linda G. Scoggins
                                                  Linda G. Scoggins, Esq.